**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAYWARD JACKSON, | No. 17-56831 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-00143-FMO-JPR |
| v. | |
| EQUIFAX WORKFORCE SOLUTIONS, DBA Labor Ready Southwest; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted October 11, 2018[**]

Before:     TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Hayward Jackson appeals pro se from the district court's judgment

dismissing his employment action alleging federal and state-law claims.  The

Equal Employment Opportunity Commission has filed an amicus brief on

Jackson's behalf.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014), and we affirm.

The district court properly dismissed Jackson's discrimination claim under 42 U.S.C. § 1981 because Jackson failed to allege facts sufficient to show that his termination was based on racial animus. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (in a section 1981 action, "plaintiffs must show intentional discrimination on account of race."). Contrary to Jackson's contentions, the district court did not err by requiring Jackson to allege factual content demonstrating the plausibility of his claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (complaint must contain factual allegations "sufficient to plausibly suggest [a] discriminatory state of mind").

The district court properly dismissed Jackson's claims under 42 U.S.C. § 1985(3) and § 1986 because Jackson's second amended complaint contained only conclusory allegations and failed to attribute specific wrongful conduct to any individual defendant. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267–68 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim

17-56831

for relief under section 1985.").

**AFFIRMED.**